**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES of the BRICKLAYERS PENSION TRUST FUND – METROPOLITAN AREA; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL RETIREMENT SAVINGS PLAN; BRICKLAYERS HOLIDAY TRUST FUND – METROPOLITAN AREA; TROWEL TRADES HEALTH AND WELFARE FUND – DETROIT AND VICINITY; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; DETROIT METROPOLITAN MASONRY JOINT APPRENTICESHIP AND TRAINING COMMITTEE; BRICKLAYERS INTERNATIONAL MASONRY INSTITUTE; and the LABOR-MANAGEMENT COOPERATION COMMITTEE;

        *Plaintiffs,*

v.

C M U MASONRY CO., INC., a Michigan corporation, CARL J. COLO, an individual, and EMILIO MASTRONARDI, an individual, jointly and severally,

        *Defendants.*

_____/

Case No. 16-12667
Hon. Robert H. Cleland

**ORDER FOR EXAMINATION OF JUDGMENT DEBTORS
AND RESTRAINING TRANSFER OF ASSETS
SUPPLEMENTARY TO JUDGMENT**

**THIS MATTER** having come before this Court on Plaintiffs' Ex-Parte Motion for Examination of Judgment Debtors and Restraining Transfer of Assets Supplementary to Judgment, and said Motion having been duly filed along with a supporting Affidavit and Brief, and the Court having reviewed the same and being fully advised in the premises:

**I. ORDER TO APPEAR FOR DEBTOR'S EXAMINATION**

**NOW THEREFORE, IT IS HEREBY ORDERED** that Mr. Carl Colo, judgment debtor and sole owner and operator of CMU Masonry Co., Inc. ("CMU"), a Michigan corporation, whose address is 25884 Norvell St., Chesterfield, MI 48051, shall appear at the law offices of Novara

Tesija, P.L.L.C., 2000 Town Center, Suite 2370, Southfield, Michigan 48075, **on Wednesday May 24, 2017 at 10:00 A.M.** to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against Defendant on March 17, 2017.

**IT IS FURTHER ORDERED** that said person shall bring with him the following books, records, and papers in his possession, custody, or control as they relate to Defendant CMU Masonry Co., Inc.:

1. All checkbooks, check registers, check stubs, canceled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook, or like account maintained with a bank, savings and load association, credit union or like organization, in which Defendant has, or has had, any interest, at any time during the three (3) years immediately preceding the date hereof;

2. Copies of all returns, schedules and forms filed by, or on behalf of, Defendants with the Internal Revenue Service, State of Michigan, and any municipal governments, relating to any income received, property owned, business activities, sale or intangibles tax, of Defendants at any and all times during the period three (3) years preceding the date hereof;

3. All books of account and accounts receivable ledgers;

4. List of assets and liabilities;

5. All contracting of purchase, sale, bill of sale, certificates of title and deeds, and all other evidences of title of instruments of whatsoever kind of nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by, or on behalf of, Defendants at any time during the five (5) years immediately preceding this date;

6. Copies of all subcontracts, profit and loss statements, and balance sheets relating to the affairs of Defendants prepared by, or on behalf of, said Defendants during the period three (3) years immediately preceding the date hereof; and

7. A complete accounting of all current and past projects worked for the previous three (3) years, as well as a complete listing of all accounts receivable for all such projects.

## II. RESTRAINING ORDER

**IT IS FURTHER ORDERED** that said Defendants, CMU and Carl Colo, their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, distributions, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with CMU and Carl Colo, who receive actual or constructive notice of this Order by personal service, facsimile, electronic communication or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are until further order of this Court, hereby restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, otherwise disposing of any funds, real or personal property, or other assets or any interest therein, including any assets outside the territorial United States; which are:
   1. in the actual or constructive possession of CMU or Carl Colo;
   2. owned or controlled by, or held, in whole or in part, for the benefit of, or subject to access by, or belonging to, CMU or Carl Colo;
   3. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to any corporation, partnership, or under common control

with CMU and Carl Colo, including but not limited to: any assets held by or for CMU and Carl Colo at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, payment service provider, or other financial institution of any kind.

B. Opening or causing to be opened any safe deposit boxes titled in the name of CMU or Carl Colo or subject to access by them;

C. The funds, property, and assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order, including without limitation, those acquired by loan or gift. CMU and Carl Colo shall hold all assets, including without limitation payments, loans, and gifts received after service of this Order.

D. This order does not apply to property exempt by law from application to the satisfaction of the judgment.

**IT IS FURTHER ORDERED** that said Defendants, CMU and Carl Colo, and their attorneys, agents, successors, assigns, and those persons or entities in active concert or participation with CMU and Carl Colo who receive actual or constructive notice of this Order by personal service, facsimile, electronic communication or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are until further order of this Court, hereby restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, otherwise disposing of any funds, real or personal property, or other assets or any interest therein, including any assets outside the territorial United States; which are:

   1. in the actual or constructive possession of CMU or Carl Colo;

2. owned or controlled by, or held, in whole or in part, for the benefit of, or subject to access by, or belonging to CMU or Carl Colo;

3. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to any corporation, partnership, or under common control with CMU or Carl Colo, including but not limited to, any assets held by or for CMU or Carl Colo at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, payment service provider, or other financial institution of any kind.

B. Opening or causing to be opened any safe deposit boxes titled in the name of CMU or Carl Colo or subject to access by them.

C. The funds, property, and assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order, including without limitation, those acquired by loan or gift. CMU and Carl Colo shall hold all assets, including without limitation, payments, loans, and gifts received after service of this Order.

D. Notwithstanding the above, CMU and Carl Colo may continue to pay reasonable, usual, ordinary, and necessary living expenses; however, an accounting of the same must be provided at the scheduled debtor's examinations.

E. This order does not apply to property exempt by law from application to the satisfaction of the judgment.

### III. DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial institution served with a copy of this Order, or who otherwise has actual or constructive knowledge of this Order, that has possession,

custody or control of any account, asset, or document held on behalf of, or relating or belonging to said Defendants, shall:

A. Hold and retain within such entity's or person's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversation, sale, liquidation, or other disposal of funds, documents, property, or other assets held by or under such entity's control:

   1. on behalf of, for the benefit of the Defendants or other party subject to Section II;
   2. in any account maintained in the name of, or subject to withdrawal by the Defendants or other party subject to Section II;
   3. that are subject to access or use by, or under the signatory power of the Defendants or other party subject to Section II.

B. Deny access to any safe deposit boxes that are either:

   1. titled in the name of either Defendant or other party subject to Section II;
   2. subject to access by either Defendant or other party subject to Section II.

C. The accounts subject to this provision include existing assets and assets deposited after the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court.

## IV. RECORD KEEPING/MAINTAINING BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants, CMU and Carl Colo, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual or constructive notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust,

corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

A. Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants;

B. Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, contracts, agreements, customer files, customer lists, customer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, training material, sales presentations, documents evidencing or referring to Defendants' products or services, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind, including electronically-stored materials, that relate to the business practices or business or personal finances of Defendants or other entities directly or indirectly under the control of Defendants.

## **V. DISTRIBUTION OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants shall provide a copy of this Order to each affiliate, partner, division, sales entity, successor, assign, officer, director, employee, independent

contractor, agent, attorney, ad broker, fulfillment house, and representative of any Defendant, as applicable. Within five (5) calendar days following service of this Order by Plaintiff, Defendants shall serve on Plaintiffs an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## VI. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or by U.S. Mail, by electronic mail, or by private process server, on: (1) Defendants; (2) any financial institution, entity, or person that holds, controls, or maintains custody of any documents or assets of Defendants, or that held, controlled, or maintained custody of any documents or assets of Defendants; or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## VII. JOINT OPERATION/CREATION OF OTHER BUSINESSES

**IT IS FURTHER ORDERED** that Defendants CMU and Carl Colo, are hereby temporarily restrained and enjoined from participating in joint operations as a masonry subcontractor with other subcontractors, or from creating, operating, or controlling any business entity, whether newly-formed or previously active, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VIII. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that, for purposes of this Order, all documentation that is required to be provided under this Order to the Plaintiffs shall be addressed to:

Kathryne A. Tracey<br>
NOVARA TESIJA, PLLC<br>
2000 Town Center, Suite 2370<br>
Southfield, MI  48075<br>
(248) 354-0380

### IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**.

.

                                        U.S. District Court Judge

DATED:

W:\FUNDS\Bricklayers\COLLECTION\CMU Masonry Co., Inc\Motion Supplem. to Judgment\Order for Exam & Restrain Transfer.CMU.doc